THOMAS W. BLANKS & Co. *v.* THE CORPORATION OF BASTROP.—THE SAME *v.* THE SAME.

The provision in the Charter of the Corporation of Bastrop, which limits the power of the Corporation to assess taxes on property, only restricts the power to levy taxes on assessable property, and does not restrict or interfere with the right to impose a tax on trades or occupations, and licenses, and thereby increase the revenues of the Corporation above the amount limited in its Charter.

APPEAL from the District Court, Parish of Morehouse, *Crawford*, J. *D. C. Morgan*, for appellant. *S. G. Parsons*, for appellees.

The facts are stated in the opinion of the Court.

LABAUVE, J. These two cases were consolidated and tried together below.

The plaintiffs claim of the defendant, in these two cases, the aggregate amount of $825, as paid by them in error, to the said town, for licenses for keeping a retail drinking-house and billiard table, for the years 1859 and 1860.

The cause of action alleged is, that the said corporation had no legal authority to impose such a tax upon keepers of drinking-houses and billiard tables, in granting licenses for that occupation, and that said corporation was prohibited by law from assessing and collecting by taxation a greater revenue than $1,000, annually, and that said amount has been greatly exceeded for the year commencing 7th June, 1860 ; and finally, that the money having been paid without any obligation on the part of plaintiffs, should be reimbursed and paid back to them by said corporation.

The District Court, after hearing the evidence, gave judgment for plaintiff, and the defendant appealed.

By the original charter of incorporation, the said corporation had, among other powers, the right to raise money by taxation to an amount not exceeding five hundred dollars per annum, for the use of said corporation. Acts of 1852, No. 74.

In a supplemental act to said charter, we find the following section :

" Sec. 2. That the Mayor and Trustees of the town of Bastrop shall have the power of assessing and collecting a tax, for the use of said town, upon the various objects of taxation upon which the State levies a tax ; provided the amount so assessed and collected does not exceed $1,000 for each year." Acts of 1853, No. 216.

By another amendment, passed in 1860, No. 150, the said town was empowered to assess such an amount of taxes as they may deem proper, not

to exceed the sum of $1,500 per annum, and to be collected in the usual manner.

By the first section of the act concerning the licensing of drinking-houses and the sale of intoxicating liquors in this State, towns and cities have the exclusive power to make such laws and such regulations, for the sale, or prohibition of the sale, of intoxicating liquors, as they may deem advisable, and to grant or withhold licenses from drinking-houses and shops within the limits of any city or town, as a majority of the legal voters of any city or town may determine by ballot; and the said ballot shall be taken annually. Acts of 1854, No. 221,

The plaintiffs admit that a majority of the legal voters of said town authorized the issuing of the license to them, but they allege and contend that the tax for the same exceeded the amount that the town was authorized to levy by taxation.

We are of the opinion that the limiting of the amount which the said town is authorized to levy by taxation, refers to property, and not to avocations, occupations and trades, for which a tax might be imposed and licenses granted.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered and decreed, that there be a judgment in favor of the defendants, and that plaintiffs pay costs in both Courts.